IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD SCOTT McINTOSH,**     ) | |
| )   | |
| Petitioner,     ) | |
| )   | |
| v.     ) | Case No. CIV-16-1063-D |
| )   | |
| **FNU FOX, Warden,**     ) | |
| )   | |
| Respondent.     ) | |

# REPORT AND RECOMMENDATION

**I.   Petitioner's claim for relief.**

Richard McIntosh (Petitioner), a federal prisoner confined at USP Florence ADMAX in Florence, Colorado, Doc. 1, at 1,[1] petitions this Court under 28 U.S.C. § 2254 for relief from an Oklahoma state court sentence he "will serve" "once released from fed custody . . . ." *Id.* at 14.[2]  Specifically, Petitioner challenges a judgment and sentence entered by the District Court of Muskogee County, CRF-1991-456, *id.* at 1, a court located within the territorial jurisdiction of the Eastern District of Oklahoma.  *See* 28 U.S.C. § 116(b).

---

[1]   *See* https://www.bop.gov/inmateloc/

[2]   This report cites court filings by their electronic case filing designation and pagination.  Quotations are verbatim unless indicated.

United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. After careful review of the petition and the applicable law, the undersigned recommends the transfer of the matter to the United States District Court for the Eastern District of Oklahoma.

II. **Analysis.**

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court "ha[s] interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Jud. Circ. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). "Under *Braden*, . . . a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* at 438.

Here, Petitioner lists a "Warden Fox" as Respondent and names the Attorney General of the State of Oklahoma. Doc. 1, at 1.[3] The Attorney

---

[3] Under Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, "[i]f the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested,

General, as custodian, "can be reached by service of process" both by this Court and by the District Court for the Eastern District. *Braden*, 410 U.S. at 495 ("So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' . . . ."). Nonetheless, under "traditional venue considerations, the District Court for the [Eastern] District of [Oklahoma] is almost surely the most desirable forum for the adjudication of the claim." *Id.* at 493. That is "where all of the material events took place, [and where] the records and witnesses pertinent to petitioner's claim are likely to be found." *Id.* at 493-94. Under these circumstances, it is "in the interest of justice" to transfer this matter to the Eastern District of Oklahoma. 28 U.S.C. § 1406(a).[4]

---

the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."

[4] In making this recommendation, the undersigned considered whether the following provisions of 28 U.S.C. § 2241 govern here:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice

3

## III. Recommendation and notice of right to object.

The undersigned recommends the transfer of this matter to the United States District Court for the Eastern District of Oklahoma.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 13, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate

---

> may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). The Supreme Court, however, construes this statute as stating that

> a prisoner contesting a conviction and sentence of a state court of a State which contains two or more federal judicial districts, *who is confined in a district within the State other than that in which the sentencing court is located,* has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located.

*Braden,* 410 U.S. at 497 (emphasis added). *See also Rumsfeld*, 542 U.S. at 443. Because Petitioner is not confined in Oklahoma, § 2241(d)—as the Supreme Court constructs it—is inapplicable.

review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 23rd day of September, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE