# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD SCOTT McINTOSH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 16-460-RAW-KEW |
| | ) |
| **MIKE HUNTER,**[1] | ) |
| **Oklahoma Attorney General and** | ) |
| **DAVID BERKEBILE, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on the Oklahoma Attorney General's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations (Dkt. 12).[2] Petitioner, a pro se prisoner, currently is serving federal sentences at the U.S. Penitentiary Florence ADMAX in Florence, Colorado. In this action, he is challenging his conviction in Muskogee County District Court Case No. CRF-91-456 for Running a Roadblock (Counts I, II, III, and IX), Robbery with Firearms (Count IV), Shooting with Intent to Kill (Count V, VI, and VII), and Assault with a Deadly Weapon (Count VIII), all after former conviction of a felony.[3]

---

[1] Mike Hunter, the current Oklahoma Attorney General, is substituted for former Oklahoma Attorney General E. Scott Pruitt.

[2] Warden David Berkebile has not responded to the petition.

[3] According to Petitioner's U.S. Department of Justice Detainer Action Letter, he will begin serving his Oklahoma sentences on or about April 11, 2021 (Dkt. 13-1).

Petitioner alleges the State of Oklahoma lost its jurisdiction to try him for the Muskogee County offenses when it allowed the federal government to try and convict him for federal charges while the state proceedings were pending. He maintains that while his federal prosecution was proceeding, the State was required to try and sentence him for the Muskogee County charges or to discharge the state indictment.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows Petitioner's convictions were affirmed on direct appeal to the

Oklahoma Court of Criminal Appeals ("OCCA"), and four of his sentences were modified in *McIntosh v. State*, No. F-92-949 (Okla. Crim. App. Dec. 22, 1994) (Dkt 13-2). His convictions became final on March 22, 1995, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). Because Petitioner's convictions became final before enactment of the AEDPA on April 24, 1996, he had until April 24, 1997, to initiate this habeas corpus action. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003); *Hoggro v. Boone*, 150 F. 3d 1223, 1226 (10th Cir. 1998).

On July 21, 2015, more than 18 years after the habeas deadline had passed, Petitioner filed his first application for post-conviction relief in the Muskogee County District Court, raising the jurisdictional claim presented in this habeas petition (Dkt. 13-3). On April 13, 2016, the state court set forth the facts of Petitioner's criminal proceedings and denied relief:

> 1. In his application, Defendant claims that this Court did not have jurisdiction because the State relinquished its jurisdiction to the Federal Government prior to his trial and sentencing herein.
>
> 2. After a robbery at a savings and loan, and a protracted chase through the City of Muskogee, Defendant was arrested on August 29, 1991, and arraigned in this Court the next day.
>
> 3. On September 19, 1991, Defendant was indicted in the United States District Court for the Eastern District of Oklahoma for several violations of

federal law.

    4. A jury trial was held in the Federal Court from November 4 through 6, 1991, at which, Defendant was found guilty of several offenses. He was sentenced on January 28, 1992, to various terms of imprisonment to the Federal Bureau of Prisons.

    5. On March 9, 1992, jury trial was commenced in this Court, which resulted in verdicts of guilty on nine separate counts.

    6. On April 9, 1992, Defendant was sentenced [for the nine counts].

    7. The Defendant is still in federal custody.

    8. Throughout the prosecutions in both courts, the Defendant was moved back and forth between state and federal custody by way of writs of habeas corpus ad prosequendum.

    9. The Defendant claims that this Court, which had jurisdiction first, lost that jurisdiction because the State did not object to the first writ issued by the Federal Court on September 24, 1991.

    10. The Defendant claims that everything that occurred after September 24, 1991, is void due to State "relinquishing" its jurisdiction to the Federal Court.

    11. The Defendant further claims that his rights to due process have been violated because the State did not suspend its prosecution until after he is discharged from federal custody. . . .

    The Defendant makes numerous arguments concerning jurisdictional sovereignty and exclusivity, however there is nothing [in] the law that creates a "first come ..." jurisdictional hierarchy that prevents concurrent prosecutions. Indeed, the United States, in 18 U.S.C.A. § 3568, and the State of Oklahoma, in Okla. Stat. tit. 21 § 61.1, both contemplate concurrent sentencing from different jurisdictions.

(Dkt. 13-4 at 2).

The OCCA affirmed the denial on July 1, 2016, in Case No. PC-2016-343 (Dkt. 13-5),

4

finding Petitioner had waived his claim by failing to raise it in his direct appeal:

> ... McIntosh's application filed with this Court contains no explanation for his failure to raise this concurrent jurisdiction claim in the direct appeal of his convictions, therefore the claim as presented in this application for post-conviction relief is waived. Assuming McIntosh could offer a viable explanation for not raising the current issue on direct appeal, he offers no explanation for allowing more than 24 years to elapse before seeking relief in Case No. CRF-1991-456. Nothing in the record supports McIntosh's claim that he is entitled to the relief requested. McIntosh is barred by laches from being granted the relief requested, and has forfeited the right to assert he is entitled to relief. *See Paxton v. State*, 903 P.2d 325 (Okla. Crim. App. 1995); *Thomas v. State*, 904 P.2d 328, 332 (Okla. Crim. App. 1995) ("the doctrine of laches may prohibit the consideration of an application for post-conviction relief where petitioner has forfeited that right through his own inaction").

*McIntosh v. State*, No. PC-2016-343, slip op. at 3-4 (Okla. Crim. App. July 1, 2016) (Dkt. 13-5).

Petitioner's post-conviction application was filed after the one-year limitation period had expired. Thus, there is no statutory tolling under 28 U.S.C. § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing § 2244(d)(2)). This habeas petition, filed on September 12, 2016 (Dkt. 1), is untimely.

In his response to the motion to dismiss, Petitioner restates his position that a court's jurisdiction cannot be interrupted, and he complains that the state courts did not address the merits of his claim in his post-conviction proceedings (Dkt. 14). He insists this Court has a "special obligation" to question the jurisdiction of the Muskogee County District Court, and he asserts he is allowed to bring a jurisdictional question through a post-conviction application with no time limitation. *Id.* at 2-4.

5

The fact that the Oklahoma Post-Conviction Procedures Act has no statute of limitations for filing post-conviction applications has no effect on the AEDPA's one-year statute of limitations, except for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). The Tenth Circuit and district courts have held that jurisdictional claims are subject to ADEPA's time limit. *See Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. Mar. 28, 2011) (unpublished) ("As with any other habeas claim [a claim of absence of jurisdiction] is subject to dismissal for untimeliness."). *C.f. United States v. Patrick*, 264 Fed. App'x 693, 694-95 (10th Cir. Feb. 6, 2008) (unpublished) (affirming district court's dismissal of untimely § 2255 petition challenging convicting court's jurisdiction).

To the extent Petitioner is asking for equitable tolling of the one-year statute of limitations, such tolling is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

Petitioner complains of delays in the disposition of his post-conviction application and of the state court's denial of his request for post-conviction counsel (Dkt. 14-5 at 5-6). These allegations, however, do not explain Petitioner's delay in commencing his post-conviction proceedings. Furthermore, "[t]here is no constitutional right to an attorney in state post-

6

conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, (1991).

Petitioner also asserts his trial counsel never responded to his October 1996 letter inquiring about detainers and writs of habeas corpus ad prosequendum. *Id.* at 7. He further claims his appellate counsel abandoned him by taking a job with the OCCA before the direct appeal was decided. *Id.* at 8.

The Court finds Petitioner's allegations do not demonstrate "rare and exceptional circumstances" warranting equitable tolling. He has provided no authority for requiring trial counsel to answer a letter almost two years after the conviction was affirmed. Appellate counsel perfected Petitioner's direct appeal, and as a result, the OCCA modified four of his sentences. *McIntosh*, No. F-92-949, slip op. at 3 (Dkt 13-2). Petitioner was not entitled to further representation, and he has not shown any evidence that there was an agreement or understanding that counsel would continue to represent him. More important, Petitioner has failed to explain his lack of diligence in waiting until 2015 to file his post-conviction application.

Petitioner's claim that he has not had access to Oklahoma law while in federal custody also is insufficient to establish equitable tolling. "A claim of insufficient access to relevant law . . . is not enough to support equitable tolling," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Further, Petitioner has "provided no specificity regarding the alleged lack of access" and how it affected his delay." *Miller*, 141 F.3d at 978. *See Burris v. McCollum*, Case No. CIV-16-470,

2016 WL 3200205, at *3 (W.D. Okla. May 17, 2016) (unpublished) (report and recommendation holding that petitioner's conclusory allegations about access to the law library failed to demonstrate that for a period spanning 16 years petitioner was diligent in pursuing his rights), *adopted by district court*, 2016 WL 3200297 (June 8, 2016), *certificate of appealability denied*, 663 Fed. App'x, (10th Cir. Sept. 29, 2016). The Court finds there is no basis for equitable tolling of Petitioner's limitation period. Therefore, the petition is time-barred.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 12) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 21st day of August 2017.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma