# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**RICHARD SCOTT McINTOSH,**   )
                              )
        Petitioner,   )
                              )
v.                            )   **Case No. CIV 16-460-RAW-KEW**
                              )
**E. SCOTT PRUITT,**          )
                              )
        Respondent.   )

## **OPINION AND ORDER**

On August 21, 2017, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as barred by the statute of limitations, and judgment was entered (Dkts. 15, 16). Petitioner did not appeal that decision. More than two years later on February 18, 2020, he filed a motion pursuant to Fed. R. Civ. P. 60(b) or as an independent action pursuant to 60(d)(1) (Dkt. 17).

Petitioner alleges this Court overstepped its authority when it failed to recognize his direct challenge to the state trial court's jurisdiction. *Id*. at 5. Further, this Court allegedly lacked authority to uphold a state judgment and sentence that was rendered without jurisdiction, and this Court abused its discretion when it failed to properly apply the law concerning challenges to jurisdiction. *Id.* Petitioner also asserts the Court failed to consider that the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A) must apply from the date his judgment became final. *Id*.

Rule 60(b) of the Federal Rules of Civil Procedure states:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court thoroughly examined and made a determination of Petitioner's claims in its dismissal of his habeas petition as time-barred (Dkt. 15). As stated in the Court's Opinion and Order, "jurisdictional claims are subject to the AEDPA's time limit" (Dkt. 15 at 6) (citing *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. Mar. 28, 2011)).

The Supreme Court has held that "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Motions pursuant to Rule 60(b), however, "must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order

or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Moreover, a movant must show "extraordinary circumstances" to justify the reopening of his final judgment under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535 (citations omitted).

Here, the Court finds Petitioner's motion is untimely, and he has failed to make the necessary showing for relief under Fed. R. Civ. P. 60(b). As for his request for relief under Fed. R. Civ. P. 60(d)(1), the statute states that Rule 60 "does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceedings. The Court finds this claim for relief is unsupported and meritless.

**ACCORDINGLY**, Petitioner's motion pursuant to Fed. R. Civ. P. 60(b) or 60(d)(1) (Dkt. 17) is DENIED, and his motion for appointment of counsel (Dkt. 18) is DENIED AS MOOT.

**IT IS SO ORDERED** this 6th day of August 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma